## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **BRANDON HINES,** | : | Case No. |
| 4227 Allendorf Drive, Apt. 10 | : | |
| Cincinnati, Ohio 45209 | : | |
| | : | **Judge** |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| **HUMANA,** | : | |
| 640 Eden Park Drive | : | |
| Cincinnati, Ohio 45202 | : | **COMPLAINT AND** |
| | : | **JURY DEMAND** |
| Defendant. | : | |

## INTRODUCTION

1. This is an action for disability discrimination in violation of O.R.C. §4112.02(A) as enforced through O.R.C. §4112.99. Plaintiff also asserts retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615 (a).

## JURISDICTION AND VENUE

2. The court has jurisdiction over this matter pursuant to O.R.C. § 2305.01 and 29 U.S.C. § 2617 (a)(2)). Venue is proper because all acts complained of occurred in Hamilton County.

## PARTIES

3. Plaintiff is a former employee of Defendant. Plaintiff worked at Defendant's office located at 640 Eden Park Drive in Cincinnati, Ohio.

4. Defendant is an employer as defined in O.R.C. § 4112.01 (2) and 29 U.S.C. § 2611 (4) and was Plaintiff's employer at all times relevant to this action.

## **FACTS**

5. Plaintiff was employed by Defendant from August of 2016 until April 4, 2019. His last position was Customer Care Specialist.

6. Prior to July of 2018, Plaintiff developed and suffered from conditions and impairments which are disabilities as defined in O.R.C. 4112.01 (13).

7. In July of 2018, Plaintiff sought short-term disability (STD) benefits through Defendant's plan administered by Unum. Plaintiff's application was approved, and benefits were awarded.

8. During the same period of time, Plaintiff used protected leave under the FMLA.

9. Plaintiff returned from his leave on November 7, 2018. Upon his return, he was subjected to behavior by one of his supervisors which aggravated Plaintiff's condition, and which caused him to reopen his claim for STD benefits and to take another leave.

10. During Plaintiff's absence, he kept Unum aware of his status and condition. In addition, Dominique Romero, who was Plaintiff's supervisor, was copied on correspondence between Unum and Plaintiff in January of 2019, February of 2019, and March of 2019 regarding Plaintiff's status and Unum's ongoing approval of his STD benefits through March 6, 2019.

11. On March 25, 2019, Dominque Romero wrote Plaintiff a letter. She stated that Humana had no information since November 6, 2018 to substantiate Plaintiff's continued absence from work. However, as noted above, Romero had

been copied on more recent correspondence regarding Plaintiff's status and the approval of STD benefits.

12. In her March 25, 2019 letter, Romero directed Plaintiff to return to work by March 29, 2019 or to contact her by that date.

13. Plaintiff did so. On March 29, 2019 at 2:55 PM, Plaintiff sent Romero an email. He advised her that he had not been released by his physician and that he was still under a physician's care.

14. Neither Romero nor anyone else from Defendant contacted Plaintiff to request further information or to explore whether Plaintiff could be accommodated.

15. Despite Plaintiff's March 29, 2019 email, on April 4, 2019, Romero again advised Plaintiff that Defendant had no information to substantiate his continued absence. According to Romero, Defendant interpreted Plaintiff's failure to return to work as a voluntary resignation and ended his employment.

## COUNT I
### (Disability Discrimination)

16. Plaintiff incorporates Paragraphs 1-15 as if fully restated.

17. Plaintiff was a disabled employee within the meaning of O.R.C. § 4112.01 (13). Defendant failed to accommodate Plaintiff and failed to engage in the interactive process to address an accommodation of Plaintiff's disability. Further, Defendant took adverse actions against Plaintiff, including terminating his employment, at least in part, because of his disability. Defendant's stated reason for termination is a pretext for disability discrimination.

18. Defendant's conduct violated O.R.C. §4112.02 (A), and §4112.99.

## COUNT II
### (FMLA)

19. Plaintiff incorporates Paragraphs 1-18 as if fully restated.

20. Defendant violated 29 U.S.C. § 2615 (a) by discriminating against him for his use of protected leave. Defendant's conduct was willful.

21. As a result of Defendant's conduct, Plaintiff has suffered lost income and benefits and such losses are expected to continue. Plaintiff has further suffered emotional distress and mental anxiety.

22. Wherefore, Plaintiff demands the following:

   a. reinstatement or front pay in lieu thereof;
   b. damages for all lost income and benefits;
   c. compensatory damages for his disability discrimination claim;
   d. punitive and/or liquidated damages;
   e. reasonable attorney's fees and costs;
   f. pre-judgment interest; and
   g. all other legal and equitable relief to which he is entitled.

23. Plaintiff demands a trial by jury an all issues triable by jury.

Respectfully submitted,

s/ David Torchia
David Torchia (0015962)
Tobias, Torchia & Simon
302 Mercantile Center
120 E. Fourth Street
Cincinnati, OH 45202
(513) 241-8137
davet@tktlaw.com
Attorney for Plaintiff