**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **BRANDON HINES,** | : | Case No. 1:21-cv-00409 |
| Plaintiff, | : | |
| vs. | : | **Judge Timothy S. Black** |
| **HUMANA INSURANCE COMPANY,** | : | |
| | : | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | : | |

By stipulation and agreement of the parties and pursuant to the Court's authority to regulate documents and proceedings before it, the Court enters this Protective Order pursuant to Federal Rules of Civil Procedure 26(c) and 29 regarding discovery of any form whatsoever that concerns the information listed below. This Protective Order is necessary to protect the confidences and proprietary interests of the parties, and the parties have agreed that confidential or proprietary documents and information should be kept confidential, used only for the purposes of litigation between these parties, and disclosed only to certain designated persons. The Court hereby orders that such discovery of the information listed below will be subject to the following terms and conditions:

1. <u>Definition of Confidential Information</u>. The following shall constitute Confidential Information:

    (a) Personnel information including, but not limited to, personnel files; documents or information that contain personnel information of any past, present, or prospective employees of Defendant (except Plaintiff);

        performance ratings; supervisory notes, discipline reports, information relating to employment policies; and documents or information which the parties or the person(s) to which such information refers may claim, understand, or believe to be private, secret, or personal entrusted to someone in the course and scope of employment;

(b)    Documents, lists, and information containing the social security numbers, employee identification numbers, and any other information personal to the individuals listed;

(c)    Non-public financial information including, but not limited to, information regarding earnings, profits, income, and/or financial status, including wage and benefit documentation or information regarding any employee or former employee Defendant (except Plaintiff);

(d)    Information of Defendant that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(e)    Documents and/or information relating to any investigations or studies of any aspect of Defendant's business or operations by a third party consultant, person and/or entity;

(f)    Any other information, documents, or things subject to confidentiality protection under the law, including, but not limited to, <u>Federal Rule of Civil Procedure 26</u>;

(g)    Any testimony specifically revealing Confidential Information as defined in Paragraphs 1(a)-(f) above;

(h)    Extracts and summaries prepared from such materials set forth in Paragraphs 1(a)-(g) above; and

(i)    Those portions of briefs, affidavits, and depositions, including exhibits thereto, which contain or restate the Confidential Information

2.    <u>Information that is not Confidential Information</u>.  The following shall not constitute Confidential Information:

(a)    Information that is public knowledge as shown in publicly available media (except if the information became public knowledge through a violation of this Order);

(b)    Information acquired from a third party who lawfully possesses such information and has no obligation to the owner of the information to keep the information confidential or secret; or

  (c) Information that is known generally within the industry in which the parties conduct business.

3. <u>Designation of Confidential Information</u>.

  (a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

  (b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence.  Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty days after the party desiring such designation receives the transcript of such deposition.  Unless otherwise agreed, depositions shall be treated as confidential during the thirty day period following receipt of the transcript; and

  (c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material may be so designated in the transmittal communication.

4. Confidential Information shall be used solely by the receiving party for the preparation, trial, and/or settlement of the action, and shall not be communicated or used by the receiving party for any other purpose whatsoever except as compelled by court order.

5. Confidential Information shall not be given, shown, made available, communicated, or disclosed by the receiving party to anyone other than:

  (a) The attorneys of record in this action and their associated attorneys, paralegals, and staff members working on the action;

  (b) The parties themselves with a need to know;

  (c) Any employees, advisors, or agents of the parties who assist the attorneys of record in this action based on a need to know; provided, however, that before any such person reviews or receives any Confidential Information pursuant to this litigation, s/he must read a copy of this Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

  (d)  Independent consultants and/or experts retained by the parties to work on the action, with a need to know; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, s/he must read a copy of this Order and agree in writing to abide by the same by signing a document in the form of Attachment A hereto;

  (e)  Witnesses, with a need to know, who are interviewed by a party's representatives or attorney, or persons (with a need to know) who are deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

  (f)  Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

  (g)  Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

  (h)  The Court and its staff.

6. Third parties producing documents in the course of this action may also designate documents as confidential, subject to the same protections and constraints as the parties to the action. The parties shall treat such third-party designated confidential documents as Confidential Information pursuant to the terms of this Order.

7. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information shall bring the dispute before the Court for a determination. The party asserting the confidential status of the information shall have the burden of showing that the materials contain Confidential Information and are thus subject to the restrictions of this Order. During the pendency of the dispute, the materials shall be treated as Confidential Information in accordance with the terms of this Order.

8. Acceptance of materials designated as Confidential Information will not be construed as an admission that the materials are properly designated as Confidential Information.  A party need not challenge the propriety of a designation of a document or information as confidential at the time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality.

9. Except as expressly provided herein, nothing in this Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure or Rules of Evidence at any time during the pretrial preparation or trial of this case or any time up to and including the entry of judgment, so long as confidentiality is maintained accordingly.  Subject to the Rules of Evidence, materials protected by this Order may be offered in evidence at trial subject to such protective measures as may be directed by the Court.

10. If, at the time of trial, counsel intends to introduce any Confidential Information, such counsel shall so inform the Court and opposing counsel and provide reasonable notice before such Confidential Information may be submitted to the Court or provided to opposing counsel.

11. Neither the provisions of this Order nor any failure by a party to designate any information, document, or material as Confidential Information shall constitute a waiver of the rights of a party to assert confidentiality with respect to the information, document, or material meeting the definition of Confidential Information.  Any party who inadvertently fails to identify documents as Confidential Information shall provide written notice of the error immediately upon discovery of that failure and substitute appropriately-designated documents.  The information, document, or material identified will be treated as if it had

been originally designated as Confidential Information and will be subject to the terms of this Order.  Any party receiving the improperly-designated documents shall retrieve such documents from persons not entitled to receive the documents and shall return or destroy the improperly-designated documents.  If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

12.	If a party files a document containing Confidential Information with the Court, the party shall do so in compliance with the Court's procedures for filing under seal.  Prior to disclosure at trial or a hearing, the parties may seek further protections against public disclosure from the Court as deemed appropriate.

13.	At the termination of this litigation, including any appeals, counsel for any party that received Confidential Information from an opposing party shall return immediately to counsel for the disclosing party all Confidential Information disclosed subject to this Order, unless the disclosing party agrees that the receiving party may simply destroy the affected material.   Notwithstanding the above, Counsel for a party may retain pleadings containing Confidential Information and work product (*e.g.*, memoranda or attorneys' notes) containing Confidential Information for archival purposes.

14.	The production of information and/or documents pursuant to this Order shall not constitute an admission that the information and/or documents are relevant, discoverable, or admissible at any trial or hearing in this proceeding.  The party producing documents and/or information pursuant to this Order does not waive any objections to the

admissibility of such documents and/or information at any hearing, trial, arbitration or other proceeding.

15. Nothing in this Order shall preclude any party from seeking further or different protection from the Court under the Federal Rule of Civil Procedure 26(c).

16. The obligations imposed by this Order shall survive the termination of this action, and the Court shall retain continuing jurisdiction to enforce the terms of the Order.

IT IS SO ORDERED.

_____
Judge Timothy S. Black
United States District Court for the
Southern District of Ohio

Dated: ___March 15_____, 2022

**STIPULATED BY:**

| | |
|---|---|
| _____ | _____ |
| David Torchia (00XXXXX) | Allison L. Goico (OH 0088777) |
| 302 Mercantile Center | Dinsmore & Shohl LLP |
| 120 E. Fourth Street | 255 E. Fifth Street, Suite 1900 |
| Cincinnati, Ohio 45202 | Cincinnati, OH 45202 |
| Telephone: | Telephone: (513) 977-8200 |
| Facsimile: | Facsimile: (513) 977-8141 |
| davet@tktlaw.com | Allison.goico@dinsmore.com |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |

**EXHIBIT A**

**WRITTEN ASSURANCE**

I hereby acknowledge that I have received a copy of the Agreed Protective Order entered in *Brandon Hines v. Humana Insurance Company*, Case No. 1:21-cv-00409-TSB. I have read and understand the terms of the Order, and I agree to be bound by all of the terms thereof. I understand that any violation of the Stipulation may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to the Order, or the contents of such documents, to any person other than those specifically authorized by the Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Order.

As soon as practical, but no later than thirty days after final termination of this action, I will return to the attorney from whom I have received them, any documents in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing or otherwise providing relief relating to the Order.

Dated: _____        _____
                                     Signature

                                     Printed Name: _____