UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDON HINES,<br>    Plaintiff, | Case No. 1:21-cv-409<br>Marbley, J.<br>Litkovitz, M.J. |
| vs. | |
| HUMANA INSURANCE COMPANY,<br>    Defendant. | ORDER |

Plaintiff Brandon Hines brings this employment discrimination action against Humana Insurance Company alleging violations of federal and state law. This matter is before the Court on plaintiff's unopposed motion for leave to file under seal exhibits in support of his opposition to defendant's motion for summary judgment. (Doc. 38).

**I. Standard of Review**

Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify

non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

**II. Analysis**

In the motion to seal, plaintiff requests to file three exhibits, Exhibits 2, 3, and 8 to plaintiff's declaration, in opposition to defendant's motion for summary judgment under seal. (Doc. 38). Exhibits 2 and 3 are medical records containing private information regarding

plaintiff's diagnosis and treatment, and Exhibit 8 contains medical documentation relating to a non-party comparator for one of plaintiff's discrimination claims. (*Id*. at PAGEID 605-06).

The Court is persuaded that Exhibits 2 and 3 to plaintiff's declaration which contain private information regarding plaintiff's diagnosis and treatment should be sealed. Plaintiff contends, "[w]hile recognizing the policy underlying the *Shane* decision, the privacy of medical information can overcome the public's interest in open courts." (*Id*. at PAGEID 606, citing *Price v. Hartford Life & Accident Ins. Co*., No. 1:21-cv-656, 2022 WL 656613 (S.D. Ohio Mar. 4, 2022)). Plaintiff has proffered compelling reasons for sealing these exhibits and has shown why the interest in sealing these exhibits outweighs the public's right to obtain information in the Court's record. "Courts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." *Frohn v. Globe Life and Accident Ins. Co*., No. 1:19-cv-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022) (citing *Patel v. Aetna*, No. 2:17-cv-78, 2018 WL 2268147, at *1 (S.D. Ohio Apr. 3, 2018) and *Bown v. Vore*, No. 3:07-cv-375, 2009 WL 2393117, at *5 n.2 (S.D. Ohio July 30, 2009)). *See also Harrison v. Scott*, No. 2:18-cv-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021) (sealing summary judgment exhibits containing the plaintiff's confidential and sensitive medical records); *In re E.I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig*., Nos. 2:13-md-2433, 2:18-cv-00136, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019) (sealing medical records and private health information because "the strong federal policy in protecting the nondisclosure of private health information . . . outweigh[s] the public's interest in disclosure of these materials in this case and serves the strong policy of protecting patient information") (citing *Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004); *Turk v. Oiler*, 732 F. Supp. 2d 758, 771 (N.D. Ohio 2010); *Shane Grp.*, 825 F.3d at 305).

Likewise, the Court is persuaded that Exhibit 8 to plaintiff's declaration which contains medical documentation relating to a non-party comparator for one of plaintiff's discrimination claims should be sealed. Plaintiff contends the "documents should be sealed because they contain private medical information and because the employee is not a party to this case." (Doc. 38 at PAGEID 606). It is well established that the "'privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Shane Grp.*, 825 F.3d at 305 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). *See In re E.I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 2019 WL 3208711, at *1 (granting motion to seal documentation surrounding the health information of a non-party).

Moreover, plaintiff's motion to seal is narrowly tailored because plaintiff does not seek to seal the entirety of the exhibits contained in his declaration. Instead, plaintiff seeks to seal only three exhibits that contain medical records, diagnoses, and treatment. Further, plaintiff will be required to file redacted versions of these exhibits on the Court's docket, which will be available to the public. The proposal to seal the three exhibits relating to medical records is "no broader than necessary to address the compelling reason for non-disclosure." *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021) (internal citations omitted). *See also Wiggins v. Bank of Am., N.A.*, No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) (holding that the motion to seal was "narrowly tailored" because the party sought "not to seal these exhibits in their entirety, but rather, to file redacted versions on the public docket").

Accordingly, with the understanding that plaintiff will file redacted versions of Exhibits 2, 3, and 8 on the Court's docket, which will be available to the public, plaintiff's motion for leave to file under seal (Doc. 38) is **GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff shall file, under seal, Exhibits 2, 3, and 8 to plaintiff's declaration in plaintiff's forthcoming response in opposition to defendant's motion for summary judgment.

2. Plaintiff is **ORDERED** to file the redacted versions of the stated exhibits on the docket of the Court.

**IT IS SO ORDERED**.

Date: 2/17/2023

Karen L. Litkovitz
Chief United States Magistrate Judge